**ROBERT P. FORES, SBN 119235**
**FORES ■ MACKO**
A Professional Law Corporation
1600 "G" Street, Suite 103
Modesto, CA 95354
(209) 527-9899
(209) 527-2889 (Facsimile)

Attorneys for plaintiff SUE MCCLELLAND

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE MCCLELLAND,<br><br>   Plaintiff,<br><br>vs.<br><br>CITY OF MODESTO, COUNTY OF STANISLAUS; STANISLAUS DRUG ENFORCEMENT AGENCY; ROBERT HUNT, STEVE HOEK; PATRICK CRANE; OFFICER MCGILL; OFFICER GILLESPIE; OFFICER RAMAR; SERGEANT YOUNG; ROY WASDEN.<br><br>   Defendants. | Case No.  1:09-CV-01031-AWI-DLB<br><br>**FIRST AMENDED COMPLAINT; DEMAND FOR JURY** |

## INTRODUCTION

1.     On April 29, 2008, at approximately 9:45 p.m. members of the Modesto Police Department, the Sheriff's Department of Stanislaus County and/or the Stanislaus Drug Enforcement Agency (hereafter sometimes referred to as "the public entities") injured and damaged plaintiff SUE MCCLELLAND during their efforts to search her property. Photographs attached as Exhibit A to this complaint show some of these injuries.

This lawsuit seeks to recover damages on behalf of SUE MCCLELLAND on the grounds that the manner of conducting the search was a violation of her constitutional rights to be free from an unreasonable search and other theories. Plaintiff also hopes that by bringing this lawsuit

- 1 -

First Amended Complaint; Demand for Jury Trial: McClelland v. City of  Modesto, et al.

1  that the defendant municipalities will review their policies and procedures pertaining to the
2  training and supervision of their officers, to be more cognizant of the appropriate manner in
3  which to conduct searches and detain members of the public and local residents, and to reduce
4  the prospect of an incident such as this from reoccurring.

5  Other than the named defendants, there are other individuals that may share blame for
6  this incident.  Plaintiff will seek this information through discovery and, if necessary, amend this
7  complaint to add additional defendants.

## JURISDICTION AND VENUE

9  2.  This Court has jurisdiction of the subject matter of this action under 42 United
10 States Code, Section 1983 and the principles of pendent jurisdiction.  Venue is proper in the
11 Eastern District of California, under 28 United States Code, Section 1391 (b), in that a
12 substantial part of the events or omissions giving rise to plaintiffs' claim occurred in this judicial
13 district.

## THE PARTIES

15 3.  The plaintiff in this case is SUE MCCLELLAND, an individual who was injured
16 and harmed as a result of the acts and omissions of various officers and defendants and each of
17 them.

18 4.  Plaintiff is informed and believes and on that basis alleges that the defendant
19 CITY OF MODESTO is a municipal corporation and a political subdivision of the State of
20 California with the capacity to sue and be sued.  The CITY OF MODESTO includes the
21 Modesto Police Department.

22 5.  Plaintiff is informed and believes and on that basis alleges that the defendant
23 COUNTY OF STANISLAUS is a municipal corporation and a political subdivision of the State
24 of California with the capacity to sue and be sued.  The COUNTY OF STANISLAUS includes
25 the Stanislaus County Sheriff's Department.

26 6.  Plaintiff is informed and believes and on that basis alleges that the defendant
27 STANISLAUS DRUG ENFORCEMENT AGENCY is some kind of entity, form unknown.
28 Plaintiff requests leave to amend after further discovery. Hereafter, defendant CITY OF

First Amended Complaint; Demand for Jury Trial: McClelland v. City of Modesto, et al.

MODESTO, defendant COUNTY OF STANISLAUS and defendant STANISLAUS DRUG ENFORCEMENT AGENCY are sometimes referred to collectively as "public entities".

7. Plaintiff is informed and believes and on that basis alleges that defendant ROBERT HUNT at all times herein mentioned, was an officer of one or more of the public entities. Mr. Hunt is being sued individually and in his official capacity. Plaintiff recognizes that individuals sued in their official capacities are essentially actions against the government.

8. Plaintiff is informed and believes and on that basis alleges that defendant STEVE HOEK at all times herein mentioned, was an officer of one or more of the public entities. Mr. Hoek is being sued individually and in his official capacity.

9. Plaintiff is informed and believes and on that basis alleges that PATRICK CRANE at all times herein mentioned, was an officer of one or more of the public entities. Mr. Crane is being sued individually and in his official capacity.

10. Plaintiff is informed and believes and on that basis alleges that OFFICER MCGILL at all times herein mentioned, was an officer of one or more of the public entities. The officer is being sued individually and in his or her official capacity.

11. Plaintiff is informed and believes and on that basis alleges that OFFICER GILLESPIE at all times herein mentioned, was an officer of one or more of the public entities. The officer is being sued individually and in his or her official capacity.

12. Plaintiff is informed and believes and on that basis alleges that OFFICER RAMAR at all times herein mentioned, was an officer of one or more of the public entities. The officer is being sued individually and in his or her official capacity.

13. Plaintiff is informed and believes and on that basis alleges that SERGEANT YOUNG at all times herein mentioned, was an officer of one or more of the public entities. The sergeant is being sued individually and in his or her official capacity.

14. Plaintiff is informed and believes and on that basis alleges that ROY WASDEN, at all times herein mentioned, was Chief of Police of the City of Modesto. The chief is being sued individually and in his official capacity.

1  15. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment, and/or representation, and that each and every defendant is jointly and severally responsible and liable to the plaintiff for damages herein alleged.

16. Plaintiff is further informed and believes that the officers involved had a duty to but failed to protect plaintiff from the wrongful conduct of their colleagues who violated plaintiff's constitutional rights.

## GENERAL ALLEGATIONS

17. The circumstances of this claim arise out of events which occurred on or about the evening of April 29, 2008 at the home of plaintiff SUE MCCLELLAND which is located at 2001 Church Street, Modesto, California.

Around 9:45 p.m., plaintiff, a 74 year old community volunteer and retired Gallo Winery Vice-President, who is disabled, was awakened from a deep sleep by crashing and banging on her front door. Assuming it was burglars, she ran to push the panic alarm button. Before she got there she was confronted by several armed men who neither identified themselves nor provided her with or showed her a search warrant. She was terrified and in shock, and not fully awake.

These men took her outside while she was in her T-shirt and underwear without her glasses when she tripped and fell sustaining severe abrasions on her arms, shin, hands and neck. (Ex. A) The men insisted she get up but she couldn't because she had difficulties because of two artificial hips. She was terrified. She was interrogated about her tenant who rented her barn and pastures.

Paramedics were called who put her on a gurney and she was transported to A hospital for treatment of her injuries. When she returned home in the early morning, her house had been ransacked: closet doors were left open; lights were left on; shoes were strewn all over and her shoe rack was broken. Defendants and each of them damaged her custom front door and wall in the entry hall, broke sprinkler heads, left yard gates open.

First Amended Complaint; Demand for Jury Trial: McClelland v. City of Modesto, et al.

**Fores ■ Macko**
A Professional Law Corporation
1600 "G" Street, Suite 103
Modesto, CA 95354
Telephone: (209) 527-9899

18.     Plaintiff is informed and believes and on that basis alleges that the Modesto Police Department and/or other public entities failed to follow proper policies, practices and procedures in connection with the service of a search warrant on SUE McCLELLAND on the evening of April 29, 2008.  In that connection, plaintiff is informed and believe and on that basis alleges that one or more of the public entities and one or more of the individual defendants acted with deliberate indifference and failed to complete or properly complete a risk assessment matrix regarding service of a search warrant on April 29, 2008 which would have prevented the constitutional deprivations, injuries and damages that plaintiff complains of herein.

19.     Plaintiff is further informed and believes and on that basis alleges that one or more of the public entities developed policies, practices and procedures after the *Sepulveda* case in order to ensure the safety of the public, including but not limited to innocent bystanders, during various police operations, including but not limited to the service of search warrants.

20.     Plaintiff is further informed and believes and on that basis alleges that the actions of the officers who detained and abused plaintiff, were taken with deliberate indifference pursuant to a pattern, policy, practice and custom of one or more of the public entities of disregarding its policies and procedures in serving search warrants thereby subject the public to the kinds of injuries and damages complained of herein.

21.     Plaintiff is further informed and believes and on that basis alleges that management personnel of one or more of the public entities, including but not limited to defendant ROY WASDEN, personally participated in the culture of one or more of the public entities and acted with deliberate indifference in knowing about, allowing and failing to prevent or promulgated a constitutionally deficient pattern, policy, practice and/or custom of one or more of the public entities of disregarding its policies and procedures in serving search warrants thereby subjecting the public to the kinds of injuries and damages complained of herein, including but not limited to constitutional deprivations

22.     Plaintiff is further informed and believes and on that basis alleges that management personnel of one or more of the public entities, including but not limited to defendant ROY WASDEN, personally participated in the culture of one or more of the public

- 5 -

First Amended Complaint; Demand for Jury Trial: McClelland v. City of Modesto, et al.

entities and acted with deliberate indifference in not taking effective steps to terminate the policy, pattern, practice and custom of improper service of search warrants and detentions of members of the public or local residents, have not properly hired, trained or provided proper training for employees of one or more of the public entities with regard to the constitutional and statutory limits of the exercise of their authority, failed to provide proper supervision for employees who lack skills and training in the proper performance of job duties, through their deliberate or grossly negligent indifference regarding the effect of this policy, pattern, practice and custom on the constitutional rights of local residents, including plaintiff.  These supervisors and policy-making officers have acted deliberately indifferent and have taken no effective actions in intervening or preventing subordinates from violating the constitutional rights of plaintiff and local residents to ensure that the service of search warrants and detentions of members of the public occurred without constitutional deprivations.

23.  As a direct, proximate and legal result of the acts, omissions, policies, patterns, practices, and/or customs of defendants alleged herein, plaintiff has suffered bodily harm, substantial physical and emotional pain and suffering, shock and injury to her nervous system, humiliation, acute anxiety, emotional and physical distress and fear and depression, and property damage all to her damage and detriment.

24.  As a further direct, proximate and legal result of the injuries alleged herein, plaintiff has incurred, and may continue to incur medical expenses in an amount according to proof.

25.  Plaintiff is further informed and believe and on that basis alleges that at all times mentioned herein, and in all of their action mentioned herein, the individually named defendants were under acting color of their authority, acting under color of law, and acting within the scope of their employment as law enforcement officers of one or more of the public entities.

26.  Plaintiff is further informed and believe and on that basis alleges that the conduct of the individually named defendant law enforcement officers, was willful, wanton, malicious, oppressive, and in bad faith, and that each of these defendants also acted with reckless or callous disregard for the rights of plaintiff.

First Amended Complaint; Demand for Jury Trial: McClelland v. City of Modesto, et al.

**FIRST CAUSE OF ACTION**

(Fourth and Fourteenth Amendments to the United States Constitution)

(42 U.S.C. § 1983)

27. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 of this Complaint.

28. Defendants' conduct violated the rights of plaintiff not to be searched or to have her person detained without probable cause under the Fourth Amendment of the United States Constitution, and not to be deprived of liberty and property without due process of law under the Fourteenth Amendment of the United States Constitution. The physical force used by the defendants violated plaintiff's Fourth Amendment rights to be free from excessive force. Moreover, by conducting the illegal detention of plaintiff in the manner in which they did, defendants and each of them further violated the rights of plaintiff.

29. These violations are compensable pursuant to 42 United States Code § 1983. As a result of defendants conduct, plaintiff has suffered significant physical and emotional harm.

**SECOND CAUSE OF ACTION**

(False Imprisonment)

30. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 of this Complaint.

31. The conduct of defendants constitutes a false imprisonment against plaintiff. As a result of defendants' conduct, plaintiff has suffered damages.

**THIRD CAUSE OF ACTION**

(Negligence)

32. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 of this Complaint.

33. Defendants were negligent, and that negligence caused harm to plaintiff. Defendants were negligent in performing their duties and failed, neglected, and/or refused to properly and fully discharge their responsibilities by, among other things:

(a) Improper compliance with policies, practices and procedures in the service of

First Amended Complaint; Demand for Jury Trial: McClelland v. City of Modesto, et al.

1 search warrants;

2     (b)    Allowing a culture to exist of improper or non-compliance with policies, practices
3 and procedures in the service of search warrants;

4     (c)    Excessive response to the dispatch of April 29, 2008.

5     (d)    Improper and/or erroneous threat assessment.

6     (e)    Exercising an excessive level of force for the circumstances.

7     (f)    Excessive and/or unreasonable physical force used against plaintiff.

8     (g)    Failure to use reasonable care on April 29, 2008 in supervising officers present
9 during the subject incident.

10     (h)    Failure to use reasonable care in the hiring, training and/or supervising of officers
11 regarding the proper method of responding to and handling incidents related to the service if
12 search warrants and detention of members of the public as described above.

## FOURTH CAUSE OF ACTION

(Article 1, Section 7(a) and 13 of the California Constitution)

15     34.    Plaintiff realleges and incorporates herein by reference each and every allegation
16 contained in paragraphs 1 through 26 of this Complaint.

17     35.    Defendants' conduct violated the rights of plaintiff to be free of unreasonable
18 searches and seizures under Article 1, section 13, of the California Constitution, and deprived
19 him of his rights of liberty and property without due process of law under Article 1, Section 7(a),
20 of the California Constitution.  As a result of their actions, defendants have caused plaintiff
21 significant emotional and physical harm.

## PRAYER

23 WHEREFORE, plaintiff prays for judgment against all defendants, and each of them, as
24 follows:

25     1.    For general damages against all defendants, jointly and severally, in an amount to
26 be proven at trial;

27     2.    For special damages against all defendants, jointly and severally, in an amount to
28 be proven at trial;

First Amended Complaint; Demand for Jury Trial: McClelland v. City of Modesto, et al.

**Fores ■ Macko**
A Professional Law Corporation
1600 "G" Street, Suite 103
Modesto, CA 95354
Telephone: (209) 527-9899

3.      For attorneys' fees and expert costs under  42 USC § 1988, and the California private attorney general doctrine;

4.      For costs of suit; and

5.      For whatever further relief, including but not limited to injunctive relief, as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable by a jury.

DATED: June ____, 2009.

          FORES MACKO,
          A Professional Law Corporation

          /s/ Robert P. Fores

By: _____
     ROBERT P. FORES, SBN 119235
     Attorneys for plaintiff

First Amended Complaint; Demand for Jury Trial: McClelland v. City of  Modesto, et al.