1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT FOR THE

8                    EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10   SUE McCLELLAND, | )   CV F 09 - 1031 AWI dlb |
| 11              **Plaintiff**, | ) |
| 12   v. | )   **MEMORANDUM ORDER** |
| | )   **GRANTING IN PART AND** |
| | )   **DENYING IN PART** |
| 13   **CITY OF MODESTO, COUNTY OF** | )   **DEFENDANTS' MOTION TO** |
| **STANISLAUS, STANISLAUS DRUG** | )   **DISMISS** |
| 14   **ENFORCEMENT AGENCY, ROBERT** | ) |
| **HUNT, STEVE HOEK, PATRICK** | )   **Documents #'s 29 and 30** |
| 15   **CRANE, OFFICER McGILL, OFFICER** | ) |
| **GILLESPIE, OFFICER RAMAR,** | ) |
| 16   **SARGEANT YOUNG and ROY** | ) |
| **WASDEN,** | ) |
| 17 | ) |
| 18              **Defendants.** | ) |

19

20

21

22          This is a civil rights action for damages by plaintiff Sue McClelland ("Plaintiff")

23   against entities City of Modesto, County of Stanislaus and Stanislaus Drug Enforcement

24   Agency (collectively the, "entity Defendants") and individual defendants Robert Hunt, Steve

25   Hoek, Patrick Crane, Officer McGill, Officer Gillespie, Officer Raman, Sergeant Young, and

26   former Chief Roy Wasden (the "individual Defendants") (collectively "Defendants").  This

27   action arises out of the execution of a search warrant on Plaintiff at the place of her residence

28   that resulted in significant injury to Plaintiff.  In this order, the court considers separate

       motions for dismissal filed by County of Stanislaus in one motion and the remainder of the

1    entity and individual Defendants in the other.  Federal subject matter jurisdiction exists

2    pursuant to 28 U.S.C., section 1331.  Supplemental jurisdiction over California state law

3    claims exists pursuant to 28 U.S.C., section 1367.  Venue is proper in this court.

### PROCEDURAL HISTORY AND ALLEGED FACTS

5        The currently-operative First Amended Complaint ("FAC") was filed on June 18,

6    2009.  The following facts are derived from the FAC unless otherwise noted.

7        At the time of events that gave rise to this action, Plaintiff was a 74-year old disabled

8    retiree who lived at a rural address in Modesto.  The FAC alleges that on April 29, 2008, at

9    about 9:45 p.m. Plaintiff:

was awakened from a deep sleep by crashing and banging on her front door.
Assuming it was burglars, she ran to push the panic alarm button.  Before she
got there she was confronted by several armed men who neither identified
themselves nor provided her with or showed her a search warrant.  She was
terrified and in shock, and not fully awake.
        These men took [Plaintiff] outside while she was in her T-shirt and
underwear without her glasses when she tripped and fell sustaining severe
abrasions on her arms, shin, hands and neck.  The men insisted she get up but
she couldn't because she had difficulties because of two artificial hips.  She
was terrified.  [Plaintiff] was interrogated about her tenant who rented her barn
and pastures.
        Paramedics were called who put [Plaintiff] on a gurney and she was
transported to a hospital for treatment of her injuries.  When she returned home
in the early morning, her house had been ransacked: closet doors were left
open; lights were left on; shoes were strewn all over and her shoe rack was
broken.  Defendants and each of them damaged [Plaintiff's] front door and wall
in the entry hall, broke sprinkler heads, left yard gates open.

19   Doc. # 17 at ¶ 17.

20       The FAC alleges four claims for relief.  None of the claims differentiates the alleged

21   liability of the individual and or entity Defendants; that is, each claim for relief is apparently

22   alleged against all Defendants.  The FAC states that each of the individual Defendants is being

23   sued in both their individual and official capacities.  Plaintiff's first claim for relief alleges

24   violation of Plaintiff's rights against unreasonable search and seizure in violation of the Fourth

25   and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.  The second and third claims for

26   relief allege false imprisonment and negligence, respectively, presumably under California

27   common law.  Plaintiff's fourth claim for relief alleges violation of Article 1, Section 7(a) and

28   13 of the California Constitution .

1

2                                  **LEGAL STANDARD**

3           A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

4    can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient

5    facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530,

6    533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a

7    complaint must set forth factual allegations sufficient "to raise a right to relief above the

8    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").

9    While a court considering a motion to dismiss must accept as true the allegations of the

10   complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

11   and must construe the pleading in the light most favorable to the party opposing the motion,

12   and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421,

13   reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly,

14   550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

15   requires more than labels and conclusions, and a formulaic recitation of the elements of a

16   cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of

17   Civil Procedure "does not require 'detailed fact5ual allegations,' but it demands more than an

18   unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct.

19   1937, 1949 (2009) ("Iqbal").

20          The Ninth Circuit follows the methodological approach set forth in Iqbal for the

21   assessment of a plaintiff's complaint:

22          "[A] court considering a motion to dismiss can choose to begin by identifying
            pleadings that, because they are no more than conclusions, are not entitled to
23          the assumption of truth.  While legal conclusions can provide the framework of
            a complaint, they must be supported by factual allegations.  When there are
24          well-pleaded factual allegations, a court should assume their veracity and then
            determine whether they plausibly give rise to an entitlement to relief."
25
26   Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at

     1950).
27

28

                                             3

**DISCUSSION**

**I. Defendants' Motion to Dismiss Plaintiff's First Claim for Relief**

Plaintiff's first claim for relief alleges that Defendants' actions violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.  The claim is alleged against the entity Defendants and against the individual Defendants in both their individual and official capacities.  Defendants move to dismiss Plaintiff's first claim for relief as to all individual Defendants in their official capacities; and as to individual Defendant Wasden in his individual capacity.  Defendants also seek to dismiss Plaintiff's first claim for relief as to all Defendants on the grounds it fails to sate a claim for relief under either the Fourteenth or Fourth Amendments. The court will consider each of Defendants' grounds for dismissal in turn and will *sua sponte* consider the sufficiency of Plaintiff's claims against the entity Defendants.

*A.  Claims Against Defendants in their Official Capacities*

Defendants contend that Plaintiff's claims against individual Defendants in their official capacities should be dismissed with prejudice as procedurally improper.  Defendant's contend that an action under 42 U.S.C. § 1983 against an individual defendant in his official capacity is essentially a suit against the entity that employs the defendant.  Defendants are correct.

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. [Citation.] Official-capacity suits, in contrast, "generally represent on ly another way of pleading an action against an entity of which the officer is an agent." [Citation.] as long as the government entity receives notice an an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (internal citations omitted).  In the context of official capacity suits against a municipal officer, the Ninth Circuit has held that such a suit "is equivalent to a suit against the entity. [Citation.] When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." Ctr. For Bioethical Reform, Inc. v. Los Angeles County Sheriff Dept., 533 F.3d 780, 799 (9th Cir. 2007).  In the alternative, the

4

court may construe an official capacity claim against an individual defendant as a suit against the entity. See Byrd v. Maricopa County Sheriff's Dept., 565 F.3d 1205, 1208 n.1 (9th Cir. 2009) (construing a suit against the county sheriff in his official capacity as a suit against the county).

The FAC alleges both individual and official-capacity claims against each of the named individual Defendants. These include officers McGill, Gillespie, Ramar and Young of the Modesto Police Department, Stanislaus County Sheriff's Department employees Hunt and Hoek, and Ceres Police Officer Crane. Defendants argue separately that Plaintiff's official-capacity claim against former Chief Wasden should be dismissed as duplicative of Plaintiff's claim against the City of Modesto pursuant to Monell v. New York City Dept. Of Social Services, 436 U.S. 658 (1978).

Because entities employing each of the named individual Defendants were provided notice and an opportunity to respond[1], the official-capacity claims against the individual agents of those entities are duplicative of the Plaintiff's claims against the entities themselves. Plaintiff does not actually dispute Defendants' contention that suits against individual defendants in their official capacities are actually suits against the employing entities; rather Plaintiff contends the motion for dismissal exalts form over substance and that the individual defendants were sued in their official capacities for the sake of clarity. The court finds there is nothing clarifying about Plaintiff's claims against the individual Defendants in their official capacities and so will grant Defendants' motion to dismiss these claims as duplicative of Plaintiff's claims against the entities themselves. The court sees no distinction between the official-capacity claim against former Chief Wasden and the official-capacity claims against any of the other individual Defendants and so includes Plaintiff's official-capacity claim against Wasden as among those to be dismissed.

---

[1]        Defendants allege that Officers Hunt, Hoek and Crane were assigned to and agents of the Stanislaus Drug Enforcement Agency, a named entity defendant in this action.

1

### B. Individual Capacity Claim Against Chief Wasden

2

Plaintiff's FAC alleges claims against former Chief Wasden in his individual, as well

3

as official, capacity. Although there is no pure *respondeat superior* liability under section

4

1983, a supervisor is liable for the constitutional violations of subordinates "if the supervisor

5

participated in or directed the violations, or knew of the violations and failed to act to prevent

6

them." Taylor v. List, 880 F.2d 1040 1045 (9th Cir. 1989). "Liability under section 1983

7

arises only upon a showing of personal participation by the defendant." Id.

8

Defendants move to dismiss the complaint with respect to former Chief Wasden on the

9

ground that, to the extent personal participation is alleged, the allegations are insufficient to

10

support a claim of liability under section 1983. Wasden's personal participation is alleged for

11

the most part in paragraphs 21 and 22 of the FAC as follows:

12

13

14

15

16

17

     21.    Plaintiff is further informed and believes and on that basis alleges that management personnel of one or more of the public entities, including but not limited to defendant ROY WASDEN, personally participated in the culture of one or more of the public entities and acted with deliberate indifference in knowing about, allowing and failing to prevent or promulgated a constitutionally deficient pattern, policy practice and/or custom of one or more of the public entities of disregarding its policies and procedures in serving search warrants thereby subjecting the public to the kinds of injuries and damages complained of herein, including but not limited to constitutional deprivations.

18

19

20

21

22

23

24

25

26

     22.    Plaintiff is further informed and believes and on that basis alleges that management personnel of one or more of the public entities, including but not limited to defendant ROY WASDEN, personally participated in the culture of one or more of the public entities and acted with deliberate indifference in not taking effective steps to terminate the policy, pattern, practice and custom of improper service of search warrants and detentions of members of the public or local resident, have not properly hired, trained or provided proper training for employees of one or more of the public entities with regard to the constitutional and statutory limits of the exercise of their authority, failed to provide proper supervision for employees who lack skills and training in the proper performance of job duties , through their deliberate or grossly negligent indifference regarding the effect of this policy, pattern, practice and custom on the constitutional rights of local residents, including plaintiff. These supervisors and policy-making officers have acted deliberately indifferent and have taken no effective actions in intervening or preventing subordinates from violating the constitutional rights of plaintiff and local residents to ensure that the service of search warrants and detentions of members of the public occurred without constitutional deprivations.

27

Doc. # 17 at 6.

28

Pursuant to the standard announced in Twombly, Plaintiff's section 1983 claim against

Wasden on a theory of personal participation must fail because no facts are alleged that would plausibly give rise to an entitlement to relief. When Plaintiff's elliptical run-on sentences are dissected, what emerges is essentially a recitation of the elements of a claim for personal participation under Taylor v. List in paragraph 21 and a recitation of the elements of negligent supervision in paragraph 22. Neither paragraph contains any allegations of actual fact. For example, no facts are alleged to indicate why Wasden did know, or should have known, of any pattern or practice of unlawful searches; nor are facts alleged that would indicate the existence of any policy, practice or understanding that would foreseeably lead to the complained-of harms. As previously noted, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Plaintiff's section 1983 claim against Wasden in his personal capacity will be dismissed. Although there is some debate as to whether the Supreme Court's decision in Twombly worked "a sea change in the law of pleadings," the fact remains that, since Twombly, the requirement for fact pleading has been significantly raised. Moss, 572 F.3d at 972. Because Plaintiff's FAC predated Moss and because the Supreme Court's clarification of Twombly in Iqbal may not have been available to Plaintiff at the time the FAC was drafted, the court will dismiss the individual capacity claim against Wasden with leave to amend. See Moss, 572 F.3d at 972 (granting leave to amend because the standards set in Twombly and Iqbal represent a significant departure from the well-established tradition of notice pleading in the federal courts).

### C. Plaintiff's Fourteenth Amendment Claims

Plaintiff's first claim for relief alleges Defendants violated rights guaranteed under the Fourth Amendment and under the Due Process Clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983. As set forth, Plaintiff's first claim for relief is ambiguous as to whether it intends to state an allegation of violation of substantive due process rights under the Fourteenth Amendment or whether Plaintiff is merely alleging violation of Plaintiff's rights under the Fourth Amendment as enforced against the states through the Fourteenth

7

1  Amendment.  Defendants seek to dismiss Plaintiff's Fourteenth Amendment claim to the

2  extent it alleges a violation of Plaintiff's Substantive Due Process rights.

3      While the Fourteenth Amendment confers both procedural and substantive due process

4  rights, Armendariz v. Penman, 75 F.3d 1311, 1318 (9th Cir. 1996), the substantive due

5  process rights – that is, the rights pertaining to personal liberty interests – that are reached by

6  the Fourteenth Amendment are restricted to those rights that are "deeply rooted in this

7  Nation's history and tradition."  Moore v. East Cleveland, 431 U.S. 494, 503 (1977).  "Where

8  a particular Amendment 'provides an explicit textual source of constitutional protection'

9  against a particular source of government behavior, 'that amendment, not the more

10 generalized notion of substantive due process' must be the guide for analyzing these claims."

11 Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Grahm v. Connor, 490 U.S. 386, 395

12 (1989).  As this court has observed, the Albright Court specifically held that "where the Fourth

13 Amendment is the source of the limitations on the type of conduct challenged by a plaintiff's

14 claims, rather than the more general substantive due process protections guaranteed by the

15 Fourteenth Amendment, must govern the plaintiff's claim."  Martin v. City of South Lake

16 Tahoe, 2007 WL 2176372 (E.D. Cal. 2007).

17     Where, as here, a claim arises in the context of a seizure, either as a detention during a

18 search or as an arrest, the claim most often invokes the protection of the Fourth Amendment.

19 Id.  While it is arguably true that an arrest or seizure could conceivably give rise to a

20 substantive due process claim if the constitutional depravation was by means other than a law

21 enforcement official's arrest, or seizure, see County of Sacramento v. Lewis, 523 U.S. 833,

22 844-845 (1988), there is nothing about Plaintiff's claim that invokes a constitutional right that

23 lies outside the scope of the Fourth Amendment.  Thus, to the extent that Plaintiff's first claim

24 for relief could be interpreted to allege a claim of violation of substantive due process rights,

25 that claim is improper and will be dismissed.

26     **D.  *Plaintiff's Fourth Amendment Claim***

27     It is not disputed that Plaintiff's first claim for relief alleges infringement or Plaintiff's

28 right under the Fourth Amendment in violation of 42 U.S.C. § 1983.  The individual and

entity Defendants move to dismiss Plaintiff's Fourth Amendment claim on the ground the search was pursuant to a lawful warrant and the injuries claimed by Plaintiff were the result of a slip and fall that occurred in her home.  Defendant County of Stanislaus moves separately to dismiss Plaintiff's Fourth Amendment claim as to it on grounds that are identical to the grounds asserted by the other Defendants.

> It is true that "the manner in which a warrant is executed is subject to later judicial review as to its reasonableness." Dalia v. United States, 441 U.S. 238, 258 (1979). Unnecessary destruction of property or use of excessive force can render a search unreasonable. Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir.2004); Liston v. County of Riverside, 120 F.3d 965, 979 (9th Cir.1997). Deciding whether officers' actions were reasonable requires us to balance "the nature and quality of the intrusion on the individual's implausible Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (internal quotation marks omitted).

United States v. Ankeny, 502 F.3d 829, 835 (9th Cir. 2007).  The inquiry into whether the search was reasonable in conformity with Fourth Amendment requirements begins with an examination of the manner of entry, id. at 836, and, in particular, whether police conduct was reasonable with respect to the common-law "knock and announce principle."  Wilson v. Arkansas, 514 U.S. 927, 930 (1995).

The FAC alleges the police officers serving the search warrant did not knock and announce, did not present a search warrant or identification, entered Plaintiff's home by force and caused significant damage in the process of entry and in the process of the search itself. Pursuant to  Hospital Bldg. Co., these factual allegations set forth in the FAC are presumed true for purposes of Defendants' motion to dismiss.  425 U.S. at 738.  Neither the fact that the search was pursuant to a warrant nor the fact that Plaintiff's injuries were due to a slip and fall are sufficient to render Plaintiff's claim of Fourth Amendment violation implausible. While police generally are not required to obtain a no-knock warrant prior to executing a no-knock search, Richards v. Wisconsin, 520 U.S. 385, 396 n.7 (1997), the fact the warrant in this case did not specifically authorize a no-knock entry means there is no presumption of reasonableness in Defendants' favor were a no-knock forced entry is employed.  Because this is before the court as a motion to dismiss, Defendants have not, and cannot, allege facts that

9

would show that the no-knock forced entry was reasonable.

In addition, Defendants' contention that Plaintiff's injuries were the result of a slip and fall is not sufficient to move Plaintiff's Fourth Amendment claim across the line into implausibility. The knock and announce rule supports the public policy of preservation of bodily safety, property, and privacy. Hudson v. Michigan, 547 U.S. 586, 594 (2006). To the extent that Plaintiff can prove facts to show that her slip and fall was caused by being terrorized and disoriented by Police officers who were unreasonably inattentive to her physical limitations, Plaintiff will be able to show that Defendants' unreasonable execution of the warranted search was the but-for cause of her injuries. When the court makes all reasonable inferences in favor of Plaintiff, the court must infer that the facts alleged in the FAC, if proven, will entitle Plaintiff to recover for her injuries against Defendants.

Defendants' motion to dismiss Plaintiff's claims for violation of her rights against unreasonable search and seizure will be denied. Because the court will deny Defendants' motion to dismiss Plaintiff's constitutional claims under the Fourth Amendment, the court also will deny Defendant's motion to dismiss its pendent jurisdiction over Plaintiff's state common-law and state constitutional claims.

### E. Plaintiff's Fourteenth Amendment Claims Against the Entity Defendants

Perhaps because of Defendants' focus on the substance of Plaintiff's Fourth and Fourteenth Amendment claims, Defendants have not challenged the sufficiency of Plaintiff's claims for violation of 42 U.S.C. § 1983 against the entity Defendants. In Monell v. New York Dept. Of Soc. Servs., 436 U.S. 658 (1978), the Supreme Court recognized an exception to the Eleventh Amendment immunity of state entities from civil suits in federal courts. A plaintiff may allege municipal liability under section 1883 in one of three ways. First, the plaintiff may prove that a city employee committed the alleges constitutional violation pursuant to a formal governmental policy or a " longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 737 (1989); *accord* Monell, 436 U.S. at 690 - 91. Second, the plaintiff may establish that the individual who committed the constitutional tort was an official

with "final policy-making authority" and that the challenged action itself thus constituted an act of official governmental policy.  See Pembaur v. City of Cincinnati, 475 469, 480-481 (1986); McKinley v. City of Eloy, 705 1110, 1116 (9th Cir. 1983). Whether a particular official has final policy-making authority is a question of state law.  See Jett, 491 U.S. at 737; City of St. Louis v. Praprotnik, 485 U.S. 112, 123 - 24 (plurality opinion).  Third, the plaintiff may prove that an official with final policy - making authority ratified a subordinate's unconstitutional decision or action and the basis for it.  See Praprotnik, 485 U.S. at 127; Hammond v, County of Madera, 859 F.2d 797, 801 - 02 (9th Cir. 1988).

Plaintiff has alleged in a somewhat confusing and contradictory way that "the actions of the officers who detained and abused [P]laintiff were taken with deliberate indifference pursuant to a pattern, policy, practice and custom of one or more of the public entities of disregarding its policies and procedures in serving search warrants thereby subject [sic] the public to the kinds of injuries and damages complained of herein."  Doc. # 17 at ¶ 20. Notwithstanding any problems the court may have with what plaintiff is actually alleging, it is clear that what Plaintiff is not alleging is relevant facts.  All of the allegations set forth in the FAC that pertain to the connection of the entity Defendants to the harms alleged amount to no more than conclusory allegations that recite the elements of Monell liability.  Just as the court has concluded that Plaintiff's conclusory allegations are not sufficient under Twombly and Iqbal to support a claim of personal participation of former Chief Wasden, so too the court finds Plaintiff's allegations against the entity Defendants insufficient to state a claim for Monell liability.  To the extent Plaintiff's first claim for relief alleges claims against the entity Defendants under Monell, those claims will be dismissed.

**II. Plaintiff's Tort Claims Under California Common Law**

*A. Entity Defendants*

Plaintiff's second and third claims for relief allege tort liability against all Defendants, including presumably the entity Defendants, under California common law.  Specifically, Plaintiff alleges false imprisonment in her second claim for relief and negligence in her third claim for relief.  Defendants move to dismiss Plaintiff's second claim for relief on the ground

that the FAC fails to allege facts from which, if proven, would support a claim for false imprisonment.  Defendants move to dismiss Plaintiff's third claim for relief on the ground, *inter alia*, that Plaintiff's claim must fail because it does not allege conformity with the procedural requirements of the California Tort Claims Act, Cal. Gov. Code § 810 et seq.

The court has examined both claims and finds that both must be dismissed as to all entity Defendants on the ground they fail to comply with the procedural requirements of the Tort Claims Act.

The eleventh Amendment grants a state "immunity from federal court suits brought by its own citizens as well as by citizens of another state." Riggle v. California, 577 F.2d 579, 581 (9 Cir. 1978).  In Eastburn v. Regional Fire Protection Auth., 31 Cal.4th 1175, 1179 (2003), the California Supreme Court observed "[t]he California Tort Claims Act provides that '[a] public entity is not liable for an injury,' '[e]xcept as otherwise provided by statute.' [Citation.]  As that language indicates, the intent of the Tort Claims Act is to confine potential governmental liability, not expand it. [Citations.]  We first must determine whether any statute imposes direct liability on defendant agencies here." Id.

California's Tort Claims Act ("CTCA") provides a limited waiver of governmental immunity for actions for damages against local and state governmental entities.  Williams v. Horvath, 16 Cal.3d 834, 838 (1976).  ". . . the intent of the act is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability [to] rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied." Id.  Primary among the requirements of the CTCA is the requirement that a person seeking money damages against a governmental must file a claim  with the public entity.  Cal. Gov. Code, § 905, 945.4; see  Dalton v. East Bay Utility Dist., 18 Cal.App.4th 1566, 1571 (1st Dist. 1993) ("As a general rule, California law requires that all claims for money or damages against a local public entity must first be filed with the entity as a 'condition precedent to the maintenance of the action.'") Where the damages are due to the death of, or injury to, a person, the claim must be filed within six months of the claim's accrual.  Ovando v. City of Los Angeles, 92 F.Supp.2d 1011, 1021 (C.D. Cal. 2000).

The FAC fails to allege that Plaintiff filed a tort claim with the County of Stanislaus or the City of Modesto The court has examined the FAC, the original complaint, and all filed documents pertaining to the complaint and can find no indication that a tort claim was ever filed. Because there is no allegation or indication that procedures mandated by the California Tort Claims Act were followed with respect to Plaintiff's common law tort claims against the entity Defendants, those claims will be dismissed.

### B. Individual Defendants

As Plaintiff points out, a public employee is liable for injury cause by his acts or omissions to the same extent as a private person. Cal. Gov. Code § 815.2.

With respect to Plaintiff's claim against the individual Defendants for false arrest under California common law, the parties agree that the elements of false arrest are that a person is subject to; (1) non-consensual, intentional confinement, (2) without lawful privilege, (3) for an appreciable length of time, however short. Scofield v. Critical Air Medical, 45 Cal.App.4th 990, 100 (1996). Defendants contend that Plaintiff's claim of false arrest must fail because Plaintiff's seizure was lawfully privileged. Plaintiff does not appear to dispute that Plaintiff's seizure was, in the abstract, legally privileged. Rather, Plaintiff's claim for false arrest appears to be grounded on Plaintiff's contention that the *execution* of the search warrant was unlawful. The court finds Defendants' argument to be the more compelling.

Whether Plaintiff can successfully allege a claim of false arrest based on how the arrest or seizure of the person was accomplished depends on whether the tort of false arrest provides a remedy for the application of excessive force during the arrest as well as remedy for the fact of the arrest itself. So far as the court can determine, California legal authority is thin on this issue. Plaintiff has provided no direct support for the proposition that a claim of false arrest can be based on the manner in which the seizure is carried out, rather than on the status of the seizure as being not legally privileged. Such authority as the court can find suggests that excess force, which is what Plaintiff is essentially alleging, is a claim that is distinct from false arrest. See, e.g., Schmidlin v. City of Palo Alto, 157 Cal.App.4th 728, 743-744 (6th Dist. 2008) (where a claim for relief alleges multiple bases for liability, including excessive force

13

1    and false arrest, each basis for relief must be separately negated before summary judgment can

2    be granted as to the whole claim).

3        The court concludes that the California common-law tort of false arrest does not offer

4    a basis for relief where the seizure of the person is legally privileged but the execution of the

5    seizure is unlawful because it employs excessive force.  Plaintiff's claim for false arrest

6    against the individuals will therefore be dismissed without leave to amend.

7        With respect to Plaintiff's claim for relief against the individual Defendants alleging

8    negligence under California Common law, Plaintiff's claim rests on firmer ground.

9    Defendants basically contend that, to the extent Plaintiff's claim for negligence alleges

10   excessive force, there are no facts set forth in the FAC that could support a claim that

11   Plaintiff's injuries were a result of injuries that occurred because of the direct application of

12   force by police on Plaintiff.  Defendants contend Plaintiff was injured as the result of a slip

13   and fall that occurred outside her home, and not as a result of the application of any force by

14   Police.  The court finds Defendants' argument without merit.

15       Defendants offer no authority for the proposition that liability can only arise if the

16   damage suffered is the result of the hands-on application of physical force.  Plaintiff alleges

17   the officers entered her home by means of force at night, without identification, with weapons

18   drawn and ordered her to exit the house, presumably in a terrified state, without her glasses or

19   clothes.  Plaintiff alleges facts that, if proven, would provide a basis for the finder of fact to

20   conclude that under the circumstances, the forceful no-knock entry, failure to identify, and

21   coercive removal of plaintiff from her home at night and without her glasses constituted a

22   breach of due care.  See Isaacs v. Huntington Memorial Hospital, 38 Cal.3d 112, 131 (1985)

23   (the trier of fact determines whether a defendant's conduct satisfies the applicable standard of

24   care).

25       While it is certainly possible that Plaintiff could have pled causation and duty of care

26   with more particularity, the fact remains that Plaintiff has pled *facts* which, if proven, could

27   support a determination by the finder of fact that the individual officers executing the search

28   warrant acted unreasonably and without due care for Plaintiff's physical limitations.  The fact

14

that the search was warranted is, by itself, not determinative of the issue of whether the search was conducted reasonably or whether due care was used in the execution of the search.  The court concludes Plaintiff has alleged, albeit minimally, particular facts that are sufficient to defeat Defendant's motion to dismiss.  Given that leave to amend will be granted with respect to the FAC generally, Plaintiff is not prevented from amending her claim for negligence should Plaintiff so desire.

The court agrees with Defendants that, to the extent Plaintiff's third claim for relief alleges negligent hiring and/or supervision, that claim is not adequately supported by facts. Rather, Plaintiff has merely alleged that Plaintiff used "unreasonable care in the hiring, training and/or supervision [of the] officers present during the subject incident."  As previously discussed, such conclusory allegations are insufficient under Twombly and Iqbal to state an entitlement for relief.  Plaintiff's negligent supervision claim will therefore be dismissed.

**VI.  Plaintiff's Claim Under Article 1, Section 7(a) and 13 of the California Constitution**

Plaintiff's fourth claim for relief alleges violation of Plaintiff's rights under Article 1, section 7(a) and under Article 1, section 13 of the California Constitution.  Section 7(a) is California's equivalent to the Due Process Clause of the Fourteenth Amendment of the federal Constitution.  Section 13 is California's equivalent of the Fourth Amendment of the federal Constitution.  Defendants move to dismiss Plaintiff's fourth claim for relief on the same grounds as were asserted with respect to Plaintiff's claims under section 1983 of violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment and the Fourth Amendment.  Defendants' reference to their previous arguments are not particularly helpful since the court rejects Defendants' contention that the FAC does not allege facts amounting to a constitutional violation under the Fourth Amendment.  Further, while Article 1, section 7(a) of the California Constitution may mirror the language of the Due Process Clause of the Fourteenth Amendment, reference to Fourteenth Amendment jurisprudence is not sufficient to settle the question of whether a plaintiff may claim money damages for what amounts to an allegation of substantive due process violation under section 7(a) of Article 1 of the California

1   Constitution.  Plaintiff does not address Defendants' motion to dismiss Plaintiff's fourth claim

2   for relief in her opposition to Defendants' motion to dismiss.

3          The court has examined Plaintiff's fourth claim for relief and finds that it seeks money

4   damages only for an alleged violation of the California Constitution.  In Katzberg v. Regents

5   of the University of California, 29 Cal.4th 300 (2002), the California Supreme Court

6   addressed the question of whether "an individual may bring an action for money damages on

7   the basis of an alleged violation of a provision of the California Constitution in the absence of

8   a statutory provision or an established common law tort authorizing such a damage remedy for

9   the constitutional violation." Id. at 303.  The framework for the court's analysis required,

10  first, an inquiry into whether there is any evidence from which the court could "infer an

11  affirmative intent to authorize or withhold a damages action to remedy a violation." Id. at

12  317.  The Katzberg court concluded that, specifically with reference to Article 1, section 7(a)

13  of the California Constitution, there was no evidence or indication of an express or implied

14  right of recovery of money damages for violation of a due process liberty interest. Id. at 324.

15  Second, in the absence of any express or implied grant of a right to sue for money damages,

16  the Katzberg court asked whether the violation should be remediable by way of a court-created

17  "constitutional tort" analogous to the Supreme Court's establishment of a constitutional tort in

18  Bivins v. Six Unknown Agents, 403 U.S. 388 (1971).

19         The Bivins analysis as followed in Katzberg considers a number of factors, the first –

20  and most important of which for purposes of this discussion – is whether an adequate

21  alternative remedy currently exists for the harm alleged.  Katzberg, 29 Cal.4th at 317.  At its

22  core, the harm alleged in the instant case arises not from the issuance of the search warrant or

23  from the fact that a search was conducted, but from the manner in which the warranted search

24  was conducted.  In essence what Plaintiff has pled can be construed broadly as claims for

25  negligence and excessive force.  As previously discussed, Plaintiff has pled a claim for

26  negligence against the individual officers executing the search that is sufficient to withstand

27  Defendants' motion to dismiss.  Excessive force is a tort claim recognized under California

28  common law that is also available to Plaintiff.  See, e.g., Edson v. City of Anaheim, 63

                                              16

Cal.App.4th 1269, 1272-1273 (4th Dist 1998) (discussing burden of proof for the tort of excessive force in claim against police).  Finally, California Civil Code section 52.1 provides a remedy against any person, whether acting under color of law or not, who interferes or attempts to interfere with the exercise or enjoyment of any right secured by the United States Constitution or the laws or Constitution of California.

This court follows Katzberg in determining that Plaintiff's fourth claim for relief under Article 1, section 7(a) of the California Constitution fails because the remedy Plaintiff seeks is not available under that provision.  The court also concludes that the exact same line of reasoning applies with respect to Plaintiff's claim for money damages for violation of Article 1, section 13 of the California Constitution.  As a consequence, the court will dismiss Plaintiff's fourth claim for relief in its entirety for failure to state a claim upon which relief can be granted.  Plaintiff will have the opportunity to amend her complaint for violation of provisions of the California Constitution.


THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that, With regard to Plaintiff' first claim for relief:

1.     Defendants motion to dismiss is GRANTED with respect to all individual Defendants in their official capacities.  All claims against individual Defendants acting in their official capacities are hereby DISMISSED with prejudice.

2.     Defendants' motion to dismiss Plaintiff's first claim for relief against individual Defendant Wasden acting in his individual capacity is GRANTED.  Plaintiff's first claim for relief against Defendant Wasden in his individual capacity is hereby Dismissed with leave to amend.

3.     Defendants' motion to dismiss all Defendants with respect to Plaintiff's claims of infringement of the Substantive Due Process Clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983, as alleged in Plaintiff's first claim for relief, is hereby GRANTED.  To the extent Plaintiff's first claim for relief states a claim for violation of Plaintiff's substantive due process rights under the Fourteenth Amendment, such

17

1   claims is DISMISSED with prejudice as to all Defendants.

2   4.   Defendants' motion to dismiss Plaintiff's claims if infringement of Plaintiff's rights

3        under the Fourth Amendment in violation of 42 U.S.C. § 1983 is hereby DENIED as to

4        the named individual Defendants (except Defendant Wasden) acting in their individual

5        capacities.

6   5    Defendants motion to dismiss Plaintiff's second claim for relief for false imprisonment

7        under California common law is GRANTED as to all Defendants.  Plaintiff's second

8        claim for relief is DISMISSED with prejudice.

9   6.   To the extent Plaintiff's third claim for relief for negligence under California Common

10       law states a claim for negligent hiring, training, supervision or retention of personnel

11       against former Chief Wasden in his individual capacity, that claim for relief is

12       DISMISSED with leave to amend.

13  7.   To the extent Plaintiff's third claim for relief for negligence under California Common

14       law is alleged against any entity Defendants, the motion to dismiss is GRANTED as to

15       those Defendants.  Plaintiff's third claim for relief is DISMISSED as to all entity

16       defendants with prejudice.

17  8.   To the extent Plaintiff's third claim for relief for negligence under California Common

18       law is alleged against individual Defendants (except former Chief 'Wasden) acting in

19       their individual capacities, Defendants' motion to dismiss as to those individual

20       Defendants is DENIED.

21  9.   Plaintiff's fourth claim for relief for violation of Plaintiff's rights under Article 1,

22       sections 7(a) and 13 of the California Constitution is hereby DISMISSED as to all

23       Defendants with prejudice.

24

25  IT IS SO ORDERED.

26  **Dated:    September 9, 2009**              **/s/ Anthony W. Ishii**
                                          CHIEF UNITED STATES DISTRICT JUDGE
27

28